**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| DANIEL LLOYD CASADY, # 29704-177, § | |
|     Defendant-Movant, § | |
| § | |
| v. § | No. 3:03-CR-0003-G |
| § | (No. 3:05-CV-0274-G) |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff-Respondent. § | |

<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    <u>Type Case</u>: This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    <u>Parties</u>: Daniel Lloyd Casady ("Casady" or "Movant") is a federal prisoner currently confined at FCI Florence in Florence, Colorado. Respondent is the United States of America.

    <u>Statement of the Case</u>: Casady plead guilty to a violation of 18 U.S.C. § 2113(a), bank robbery, on March 18, 2003. He was sentenced on July 22, 2003 to 51 months in the penitentiary, three years of supervised release, and restitution in the amount of $8,488.95. Movant did not appeal his conviction.

    On October 18, 2004, Casady filed what he styled as a motion to challenge offense and criminal history enhancements contained in Plaintiff's plea bargain. On November 1, 2004, this court filed an order requiring Movant to withdraw his motion and file a motion to vacate, set aside,

1

or correct sentence pursuant to 28 U.S.C. § 2255. On November 26, 2004, Casady filed a motion to withdraw his motion. On February 3, 2005, Movant filed §2255 motion on the standard form. On February 16, 2005, this court entered an order requiring reconsideration of Casady's November 26, 2004 motion and requiring that Movant's October 18, 2004 motion be considered along with his motion filed February 3, 2005. On April 18, 2005, the United States filed its motion in opposition to Movant's motion.

<u>Findings and Conclusions</u>: In his sole ground for relief in his February 3, 2005 motion, Movant contends that the court violated *United States v. Booker*, __ U.S. ___, 125 S.Ct. 738 (2005) by enhancing his sentence guidelines two points for a threat of death. However, "*Booker* applies retroactively only to cases that 'are not yet final.'" *Rosales v. United States*, No. 3:00-CV-2396-G, 2005 WL 840122 (N.D. Tex. Apr. 11, 2005), citing *Booker*, __ U.S. at __, 125 S.Ct. at 769.

Pursuant to the court order filed on February 16, 2005, the court also addresses the additional claims asserted in his motion filed on October 18, 2004, wherein Casady contends that the same actions were used to enhance both his sentencing guidelines and his criminal history, that he waived his right to a jury trial on the erroneous advice of his counsel that he would receive a much lower sentence if he agreed to a plea bargain, and that the presentence probation officer altered his offense level by four points and his criminal history category by two points. His claim that the District Court misapplied the sentencing guidelines is not cognizable in a federal habeas proceeding. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

His ineffective assistance of counsel claim is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). There is a strong presumption

2

that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Id.* at 690, 104 S.Ct at 2065.  To overcome this presumption a habeas petitioner must establish that the attorney's conduct was constitutionally deficient (cause) and that but for such unprofessional errors the result probably would have been different (prejudice).  Failure to prove either prong of the two part test forecloses relief. *Id* at 698, 104 S.Ct. at 2069.  Casady's allegations regarding his counsel are entirely conclusory and fail to overcome the presumption of counsel competence. *See, e.g., Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir.2002)("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").  He has neither alleged nor demonstrated that his counsel's advice that he would likely receive a lesser sentence upon pleading guilty than if he were found guilty after a trial upon a plea of not guilty was inaccurate or that he suffered any prejudice.

RECOMMENDATION:

Movant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255. It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and to counsel for Respondent.

**SIGNED** this 17th day of June, 2005.

*Wm. F. Sanderson, Jr.*
_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.